**FILED**

**February 25, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 3:17 PM**



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KINGSPORT

| | | |
|---|---|---|
| **Bradley Booker,** | ) | **Docket No.: 2015-02-0222** |
| **Employee,** | ) | |
| **v.** | ) | **State File No.: 5311-2015** |
| | ) | |
| **Mid-City Grill,** | ) | |
| **Uninsured Employer.** | ) | **Judge: Brian K. Addington** |
| | ) | |

## ORDER FOR MEDICAL AND TEMPORARY DISABILITY BENEFITS AND SETTING STATUS CONFERENCE

THIS CAUSE came before the undersigned Workers' Compensation Judge on February 22, 2016, upon the Request for Expedited Hearing filed by Bradley Booker, on December 29, 2015, pursuant to Tennessee Code Annotated section 50-6-239 (2015) to determine if the uninsured employer, Mid-City Grill, is obligated to provide medical and temporary disability benefits to Mr. Booker. During the Expedited Hearing, the parties announced their agreement with regard to the requested workers' compensation benefits.[1]

### History of Claim

Mr. Booker is a twenty-four-year-old resident of Sullivan County, Tennessee, who worked for Mid-City Grill as a delivery driver. (T.R. 1 at 1.) On January 14, 2015, Mr. Booker made a late-night food delivery to a local hotel. While doing so, armed assailants robbed him and struck him in the head with a gun. *Id.* After initial medical treatment and workup at Johnson City Medical Center proved negative, Mr. Booker returned to work. (T.R. 3 at 1 and Collective Exhibit 1.)

Two days later, while making a delivery to Franklin Woods Community Hospital, Mr. Booker suffered a seizure. *Id.* The providers transferred him to nearby Johnson City Medical Center, where he was treated in ICU and hospitalized for six days. (Collective

---

[1] Additional information regarding the certified issues, technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an Appendix.

1

Exhibit 1.) A CT scan of the head revealed a subarachnoid hemorrhage. *Id.*

After discharge, Mr. Booker received treatment at East Tennessee Brain and Spine Center. *Id.* With no additional seizures, a "completely normal neurologic exam," and imaging showing "near-complete resolution of the previously-mentioned temporal hemorrhage," East Tennessee Brain and Spine Center discharged Mr. Booker on March 4, 2015. *Id.*

Mr. Booker filed a Petition for Benefit Determination with the Court on July 10, 2015. (T.R. 1 at 1.) The Mediating Specialist prepared a Dispute Certification Notice on July 31, 2015. (T.R. 2 at 1.) When neither party filed a Request for Expedited Hearing within sixty days of the DCN, the Court conducted a Show Cause Hearing on December 21, 2015, which Mr. Booker attended. (T.R. 4 at 1.) Mr. Booker informed the Court of his intention to pursue his claim and filed a Request for Expedited Hearing on December 29, 2015. (T.R. 3 at 1.)

Mr. Booker appeared at the Expedited Hearing, along with Mid-City Grill's owner, Jeffrey Pike. Mr. Booker testified that he is no longer treating for his injury and is doing better. However, Mr. Booker received no workers' compensation benefits associated with his work injury, and his mother's insurance paid a portion of his resulting bills, many of which are now in collections.

Mr. Pike acknowledged that he did not have workers' compensation insurance coverage on Mr. Booker's date of injury, although he has since purchased same. He also acknowledged responsibility and agreed to pay for the medical treatment Mr. Booker received as well as for temporary disability benefits.

Mr. Booker provided to Mr. Pike copies of his pertinent medical bills and statements.[2] Mr. Pike informed the Court that he would contact each of the providers and ensure appropriate payment of outstanding medical bills. Mr. Pike also affirmed that he would contact Mr. Booker's private health insurance carrier and reimburse it, in accordance with his obligations under the Tennessee Workers' Compensation Law. The parties also stipulated that Mr. Booker was entitled to $5,000.00 in unpaid temporary disability benefits, which Mr. Pike agreed to pay.

## ANALYSIS

The Court finds the parties' stipulations and agreements constitute a satisfactory resolution of the disputed issues presented in this matter. The Court further finds that a Status Conference should be set.

---

[2] Collective Exhibit 1.

**IT IS, THEREFORE, ORDERED as follows:**

1. The parties have resolved by agreement the disputed issues regarding payment of medical and temporary disability benefits, as stated above. Mr. Pike shall pay the medical bills of Mr. Booker with Dr. McLaughlin, Mt. States Health Alliance, MSMG Hospital Internal Medical Associates, Appalachian Emergency Physicians, Dr. David Wiles, Johnson City Medical Center, Franklin Woods Hospital, Washington County EMS, and Mountain Empire Radiology, presented during the hearing as contained in Exhibit 1. Mr. Pike shall also pay $5,000.00 in temporary disability benefits for which execution may issue, if necessary.

2. This matter is set for a Status Conference on April 28, 2016, at 3:00 p.m. Eastern Time.

3. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2014). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

4. **For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471.**

**ENTERED this the 25th day of February, 2016.**

_____
**Judge Brian K. Addington**
**Court of Workers' Compensation Claims**

3

<u>Status Conference:</u>

**A Status Conference has been set with Judge Brian K. Addington, Court of Workers' Compensation Claims. You must call toll-free at 855-543-5044 to participate in the Status Conference.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Eastern Time (ET).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1.      Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2.      File the completed form with the Court Clerk within seven business days of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3.      Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4.      The appealing party is responsible for payment of a filing fee in the amount of $75.00. Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.

5.      The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of

Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6.     If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## APPENDIX

Exhibits:

The parties stipulated to the admission in the record of the following documents, which constitute Collective Exhibit 1:

1. Claims Summaries from United HealthCare Services, Inc.
2. Billing statements from MSMG Hospital Internal Medicine Associates, Appalachian Emergency Physicians, Johnson City Medical Center, Franklin Woods Community Hospital, Washington County EMS, and Mountain Empire Radiology
3. Medical records from East Tennessee Brain and Spine Center, Johnson City Medical Center, and Franklin Woods Community Hospital

Technical record:[3]
1. Petition for Benefit Determination, July 10, 2015
2. Dispute Certification Notice, July 31, 2015
3. Request for Expedited Hearing, December 29, 2015
4. Show Cause Order, December 22, 2015

---

[3] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Order was sent to the following recipients by the following methods of service on this the 25th day of February, 2016.

| Name | Certified Mail | Email | Service Sent to: |
|------|----------------|-------|------------------|
| **Bradley Booker** | X | X | **131 Blue Bell Drive** **Kingsport, TN 37660** **Bookert97@hotmail.com** |
| **Jeffrey Pike** | X | X | **Mid-City Grill** **Attn: Jeffrey Pike** **106 S. Commerce Street** **Johnson City, TN 37604** **midcitygrill@gmail.com** |

PENNY SHRUM
CLERK OF THE COURT
WC.CourtClerk@tn.gov

7